IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERGI NGANDU,<br><br>    Plaintiff,<br><br>v.<br><br>PENNYMAC LOAN SERVICES, LLC.,<br><br>    Defendant. | 2:25-CV-00607-CCW-MPK |

**OPINION AND ORDER**

Before the Court are *pro se* Plaintiff Hergi Ngandu's Motion for Injunctive Relief and Motion to Stay. ECF Nos. 3, 5. For the following reasons, the Court will **DISMISS** Mr. Ngandu's Complaint, ECF No. 8, under the screening provisions of 28 U.S.C. § 1915, and **DISMISS** his Motions as moot.

**I.     Background**

This case arises from a foreclosure action initiated by Defendant PennyMac Loan Services, LLC against real property owned by *pro se* Plaintiff Hergi Ngandu. While the Court recounts the relevant factual allegations, which are taken as true, the Complaint contains sparse information and lacks detail.[1]

On August 31, 2021, Mr. Ngandu secured a mortgage against real property located at 413 Agatha Street, Pitcairn, PA 15140 (the "property"). ECF No. 8 at 3. PennyMac is the holder of this mortgage. ECF No. 23 at 1; ECF No. 8-10 at 2. According to PennyMac, on January 10, 2025, it initiated a mortgage foreclosure action in the Court of Common Pleas of Allegheny

---

[1] Accordingly, at times, the Court refers to documents other than Mr. Ngandu's Complaint in order to provide the relevant factual background.

County, Pennsylvania against Mr. Ngandu after he failed to make timely payments on his mortgage. ECF Nos. 23 at 1–2; 23-2. On February 3, 2025, Mr. Ngandu "submitted a full settlement and discharge package . . . yet Defendant refused to process the discharge or respond in lawful commercial capacity." ECF No. 8 at 1–2. It appears, however, that Mr. Ngandu did not respond to PennyMac's Foreclosure Complaint. *See generally* ECF No. 8 (explaining that he filed a discharge package but not referencing any response to the complaint, and noting that a default judgment was entered against him); *see also PennyMac Loan Services LLC v. Ditumona, et al.*, No. MG-25-000024 (Pa. Super. Ct.) (2025) (state court docket reflecting that Mr. Ngandu did not respond to the Foreclosure Complaint). On April 25, 2025, the state court entered a default judgment against Mr. Ngandu, ECF No. 8 at 2, initiated foreclosure proceedings, and set a sheriff's sale of the property for August 4, 2025, ECF No. 5 at 1.

On May 5, 2025, Mr. Ngandu initiated this action by filing a motion to proceed *in forma pauperis*. ECF No. 1. On June 23, 2025, the assigned magistrate judge granted Mr. Ngandu's motion to proceed *in forma pauperis*, and his Complaint was docketed that same day. ECF Nos. 6, 8. In his Complaint, Mr. Ngandu raises claims for violation of the Truth in Lending Act, 15 U.S.C. § 1641 (Count I); violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 (Count II); fraudulent conversion under § 3-603 of the Uniform Commercial Code (Count III); fraud (Count IV); and constitutional due process violations (Count V). ECF No. 8.

Meanwhile, on May 29, 2025, Mr. Ngandu filed a Motion for Injunctive Relief and a Protective Order, in which he seeks to enjoin the foreclosure proceeding and any related enforcement actions. ECF No. 3. On June 20, 2025, Mr. Ngandu filed an Emergency Notice, in which he informed the Court that a sheriff's sale of his property had been scheduled for August 4, 2025. ECF No. 5. He again requested that the Court grant a stay of the foreclosure proceeding

and all related enforcement actions pending the resolution of this case. *Id.* The undersigned was assigned to this case on July 11, 2025. On July 14, 2025, PennyMac responded to the Motion for Injunctive Relief, and the next day, Mr. Ngandu filed a reply in support of his Motion. ECF Nos. 23, 24. On July 16, 2025, the Court held a telephonic status conference regarding Mr. Ngandu's Motions. ECF No. 25.

**II.     Mr. Ngandu's Action is Barred by the *Younger* Abstention Doctrine.**

For claims filed in forma pauperis, § 1915(e) acts as a screening mechanism that authorizes dismissal for various reasons, including when the case is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i). An action is "frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although these dismissals can occur "at any time," § 1915(e)(2), they "are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Id.* at 324. Here, Defendants executed a waiver of service on July 7, 2025, and their answer or motion to dismiss will be due on September 5, 2025. ECF No. 14. Given the time-sensitivity of Plaintiff's Motions, ECF Nos. 3 and 5, due to the upcoming August 4, 2025 sheriff's sale, the Court finds it prudent to screen the Complaint in connection with resolving the Motions.

Under the screening provisions of § 1915, the Court will dismiss the Complaint without prejudice because the *Younger* abstention doctrine bars the instant action.

"Generally, 'a federal court's obligation to hear and decide a case is virtually unflagging.'" *PDX North, Inc. v. Comm'r N.J. DOL & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (quoting *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (internal quotation omitted)).

Abstention under *Younger* is a narrow exception to this general rule, and "applies when certain types of state proceedings are ongoing at the time a federal case is commenced." *Id.* Thus, *Younger* abstention is only appropriate "when federal litigation threatens to interfere with one of three classes of cases: (1) state criminal prosecutions, (2) state civil enforcement proceedings, and (3) state civil proceedings involving orders in furtherance of the state courts' judicial function." *ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014) (citing *Sprint*, 571 U.S. at 78 ("We have not applied *Younger* outside these three 'exceptional' categories, and today hold, in accord with [*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350 (1989)], that they define *Younger*'s scope.")). If the underlying state proceedings fall into one of these categories, the court must then apply a three-factor test, first articulated by the Supreme Court in *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). *See PDX*, 978 F.3d at 883. Applying the *Middlesex* factors, *Younger* abstention is appropriate where (1) "there are 'ongoing judicial proceeding[s]'"; (2) "those 'proceedings implicate important state interests'"; and (3) "there is 'an adequate opportunity in the state proceeding to raise constitutional challenges.'" *Id.* (quoting *Middlesex*, 457 U.S. at 432).

Here, this case falls within one of the three categories in which *Younger* abstention is appropriate: namely, there is a state civil proceeding involving orders in furtherance of the state court's judicial function. Because the state court proceedings here involve a state court default judgment issued against Mr. Ngandu, and because Mr. Ngandu is seeking to enjoin the state court foreclosure proceedings, this case falls within the third category. *See, e.g., Gray v. Pagano*, 287 F. App'x 155, 157 (3d Cir. 2008) (finding *Younger* abstention applied where plaintiff sought to enjoin sheriff's sale of his property and requested a declaration that the state court was not authorized to transfer title of his property); *Strader v. U.S. Bank Nat'l Assoc.*, No. 2:17-cv-684,

4

2018 WL 741425, at *9, n.12 (W.D. Pa. Feb. 7, 2018) (Hornak, C.J.) (explaining that *Younger* abstention applies where the underlying state proceeding is a foreclosure action and plaintiff is seeking to enjoin it). Therefore, because this is the type of case in which *Younger* abstention applies, the Court will next assess the three *Middlesex* factors to determine if abstention is warranted.

Regarding the first factor, the Court finds that there are ongoing judicial proceedings in the state court as the sheriff's sale of Mr. Ngandu's property has not yet occurred nor has Mr. Ngandu exhausted his appeals. *See, e.g.*, *Colahar v. Wells Fargo Bank N.A.*, 56 F. Supp. 3d 608, 612 (D. Del. 2014) (finding proceedings ongoing where court had issued a default judgment against plaintiff, but the sheriff's sale of plaintiff's property had not yet occurred); *see also Coppedge v. Beaumont*, No. 10-394, 2010 WL 2382944, at *2 (D. Del. June 11, 2010) ("[*Younger* abstention] applies to proceedings until all appellate remedies have been exhausted.").

Regarding the second factor, the Court finds that the proceedings implicate an important state interest. For example, Pennsylvania has an interest in ensuring that its rulings are enforced as well as in resolving real estate issues within its borders. *See, e.g.*, *Pagano*, 287 F. App'x at 157–58 (finding important state interests were implicated where the federal court's ruling would nullify a state court's foreclosure action); *Colahar*, 56 F. Supp. 3d at 612 (indicating that the State has important interests in the foreclosure of property).

Finally, regarding the third factor, the Court finds that Mr. Ngandu could properly pursue his federal claims in state court. Indeed, he already had an opportunity to respond to PennyMac's Foreclosure Complaint but chose not to. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (finding *Younger* abstention is appropriate and favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings); *Gochenaur v. Juniata Valley Bank*, No. 1:17-cv-

743, 2017 WL 3405114, at *9–10 (M.D. Pa. June 22, 2017) (finding that state court proceedings afforded plaintiffs a "full and fair opportunity to litigate the issues raised in this lawsuit" where plaintiffs had failed to respond in state court and a default judgment was issued against them); *Colahar*, 56 F. Supp. 3d at 612, n.8 (finding that plaintiffs had an adequate opportunity in state court to raise any potential claims, including claims for constitutional violations or violations of federal law).  Furthermore, Mr. Ngandu has not exhausted his state court appeals, and thus he may still have an opportunity to litigate his claims in state court.  *Pagano*, 287 F. App'x at 157 ("Pennsylvania appellate courts are an adequate forum for review of Plaintiffs' federal due process claims.").  Accordingly, the Court finds that the three *Middlesex* factors are met, and that *Younger* abstention is appropriate.  Therefore, the Court will dismiss Mr. Ngandu's Complaint without prejudice.

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e) on the basis of *Younger* abstention.  IT IS FURTHER ORDERED that Plaintiff's Motion for Injunctive Relief, ECF No. 3, and Motion to Stay, ECF No. 5, are **DISMISSED** as moot.

DATED this 16th day of July, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record


cc (via U.S. mail and email):

Hergi Ngandu
413 Agatha St
Pitcairn, PA 15140
ngandupierre3@gmail.com